UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, INC.<br><br>          Plaintiff,<br>v.<br><br>BURNS & KELLY INSURANCE, LLC,<br>ALTERRA AMERICA INSURANCE<br>COMPANY, GREAT LAKES<br>REINSURANCE, PLC,<br>JANET DAWSON<br>          Defendants. | 3:14-CV-00116 (CSH) |

**RULING ON MOTION TO AMEND COMPLAINT**

      Plaintiff Select Portfolio Servicing, Inc. ("Plaintiff") moves for leave to amend its complaint (the "Motion to Amend") pursuant to Federal Rule of Civil Procedure 15(a), seeking to add additional claims for relief. Doc. [35]. This Ruling decides that motion.

      Plaintiff is the "servicer and attorney-in-fact" for Deutsche Bank National Trust Company, as Trustee, in trust for the registered Holders of Long Beach Mortgage Loan Trust 2005 - WL3, Asset-Backed Certificates, Series 2005 - WL3 ("Trust"), a successor in-interest to JP Morgan Chase National Association ("Chase"). Doc. [35] at ¶ 8. Defendants are insurance companies, Alterra America Insurance Company ("Alterra") and Great Lakes Reinsurance, PLC ("Great Lakes"); an insurance broker, Burns & Kelly Insurance, LLC ("BKI"); and a mortgagor and policyholder, Janet Dawson.

      The facts giving rise to this action, taken from Plaintiff's Complaint or Motion to Amend, are as follows. Dawson executed a promissory note in the amount of $176,000 in favor of Chase, and was granted a mortgage on a property located at 15-17 Harding Place in New Haven (the "Property")

to secure all obligations under the note. Doc. [1] at ¶ 5. The mortgage required Dawson to obtain hazard insurance on the Property for fire loss and required Chase, and its successors and assigns, to be included on the insurance policy as the mortgagee or loss payee. *Id*. at ¶ 9. Dawson acquired this insurance through BKI, the insurance broker. *Id.* at ¶ 10. After the Property suffered damage and loss as a result of a fire in February 2013, Plaintiff in May of that year made a claim upon BKI for the damages sustained at the Property. *Id.* at ¶ 11. BKI, through its President, Donald P. Burns, advised Plaintiff that coverage for the fire loss was provided by Alterra or Great Lakes or both, and that as insurance broker, he would make a claim upon one or both of those insurers. Neither those efforts nor Plaintiff's repeated attempts to collect an excess of $81,000 owed on the policy from BKI, Alterra, or Great Lakes were fruitful. *Id.* at ¶¶ at 13-14. Consequently, Plaintiff filed a complaint with the State of Connecticut Insurance Department ("Department") seeking to compel BKI to process its claim for fire loss. *Id.* at 15. On January 9, 2014, the Department advised Plaintiff, *inter alia*, that BKI "believe(s) the property is insured but has not been able to find the correct policy" and that, "[t]he Department strongly suggests pursuing the matter directly against the agent or their Errors and Omissions Carrier." *Id.* at 16. Plaintiff thereafter filed the present action on January 30, 2014, asserting claims of negligence against BKI and breach of contract against Alterra and Great Lakes.[1]

Plaintiff now seeks leave to amend its complaint to add separate counts against Alterra and Great Lakes of vicarious liability for the negligence of BKI. Doc. [35]. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice requires." Although the defendants in this

---

[1] Plaintiff also seeks a declaratory judgment against Dawson finding that Plaintiff is solely entitled to payment of the policy proceeds. Doc. [1] at ¶¶ 35-39.

case have not objected to Plaintiff's Motion to Amend, they have not consented to it either. Consequently, Plaintiff may only amend its complaint with "the court's leave." Fed. R. Civ. P. 15(a)(2).

A court should deny leave to amend only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [non-moving parties,] . . . [or] futility." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005) ("A Rule 15(a) motion should be denied only for reasons as undue delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing party.") (internal quotations and citation omitted).

No basis upon which courts traditionally deny motions to amend pleadings is present here. The Scheduling Order in this case provides that any motions to amend the pleadings and/or join additional parties shall be filed not later than July 22, 2014. Doc. [23]. Plaintiff timely filed the Motion to Amend on July 21, 2014. Therefore, the Motion to Amend may not be denied on grounds of undue delay, bad faith, or dilatory motive. Nor may the Motion to Amend be denied on the basis that the defendants would be prejudiced by the additional counts Plaintiff proposes. Defendants would have sufficient time to take discovery on the elements of those additional claims (vicarious liability against Alterra and Great Lakes) as discovery in this case remains open until March 30, 2015.

Finally, the Court cannot conclude that the claims of vicarious liability against Alterra and Great Lakes are futile. A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Martin v. Dickson*, 100 Fed. Appx. 14, 16

(2d Cir. 2004). Such is not the case here. The theory of recovery Plaintiff proposes, that Alterra and Great Lakes may be found vicariously liable for the negligence of BKI, is anchored in common law principles of agency and negligence. *See, e.g.*, *Passarello* v. *Lexington Ins. Co.*, 740 F. Supp. 933, 938 (D. Conn. 1990) (An insurance company may be liable for the negligent acts of the insurance broker during the course of the procurement and issuance of the insurance contract.); *Teleco Oilfield Servs., Inc. v. Skandia Ins. Co., Ltd.*, 656 F. Supp. 753, 757 (D. Conn. 1987) ("broker is the agent of . . . the insurer"). Moreover, those claims are supported with "sufficient factual matter" to "'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff for example, asserts that the Property was insured by Alterra or Great Lakes, that BKI was acting within the scope of its authority as agent for Alterra or Great Lakes when it issued insurance coverage on the Property, that through its acts or omissions it was negligent in that endeavor, and that Alterra or Great Lakes are, as principals to BKI, liable to Plaintiff for the negligence of BKI. In light of the foregoing, the Court finds that justice requires that Plaintiff be given leave to amend its complaint.

Plaintiff's Motion to Amend [Doc. #35] is GRANTED. Defendants shall respond to Plaintiff's Amended Complaint by not later than September 22, 2014. This Order does not alter other deadlines set in this case.

IT IS SO ORDERED.

Dated:   New Haven, Connecticut
         September 5, 2014

                                              */s/ Charles S. Haight, Jr.*
                                              Charles S. Haight, Jr.
                                              Senior United States District Judge